**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CARA POWERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 12-11932-TSH** |
| SANTANDER CONSUMER USA, INC. | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

**February 24, 2014**

Hennessy, M.J.

By Order of Reference dated July 2, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #41), this matter was referred to me for a ruling on the Plaintiff Cara Powers' Motion to Compel (Docket #34).  An opposition to the motion has been filed.  (Docket #38).  This matter is now ripe for adjudication.  For the reasons that follow, the Motion to Compel is ALLOWED to the extent outlined in this Order.

I.      BACKGROUND

On August 31, 2012, Powers filed a class action complaint against Defendant Santander Consumer USA, Inc. ("Santander") in state court.  (Docket #1-3 at 3-21).  On October 9, 2012, Powers filed an amended class action complaint in state court challenging various aspects of Santander's administration and enforcement of Powers' retail installment contract.  (Id. at 37-57).  On October 17, 2012, Santander removed the action to this Court on the basis of diversity jurisdiction. (Docket #1).

Powers asserts five putative class claims in her amended complaint.[1]  In Count I, Powers alleges that Santander improperly charged late fees and credit and debit card payment fees in violation of the Massachusetts Retail Installments Sales Act ("RISA"), Mass. Gen. Laws ch. 255B, §§ 11 and 14.   (Docket #1-3 at 49-50).   Powers asserts that, over the course of the repayment period, she was charged a fee in the amount of $10.95 to make payment by credit or debit card.[2]  (Id. at 39).  In Count II. Powers asserts that Santander violated the Consumer Credit Cost Disclosure Act ("CCDA"), Mass. Gen. Laws ch. 140D, § 28A, by imposing surcharges on customers who make payments by credit or debit card.  (Id. at 50).  In Count III, Powers avers that Santander's imposition of fees as described in Counts I and II also constitutes a breach of contract.  (Id.).  In Count IV, Powers contends that Santander's post-repossession notice violated the Uniform Commercial Code ("UCC"), Mass. Gen. Laws ch. 106, § 9-610-9-625 and RISA. (Id. at 50-51).  In Count V, Powers asserts that the conduct giving rise to Counts I-IV also renders Santander liable under Mass. Gen. Laws ch. 93A, §§ 2 and 9.  (Id. at 52).

On January 28, 2013, the parties jointly submitted a proposed scheduling order (Docket #23), which was adopted by the Court on January 29, 2013 (Docket #24).  Pursuant to the order, Santander was to file by March 15, 2013, a partial summary judgment motion regarding Powers' claims that "(a) Santander charged late fees for payments that were not late; (b) Santander's fee of $10.95 for making online payments violated the RISA, the CCCDA, and/or the loan contract; and (c) Santander's post repossession notice is defective under the UCC and RISA."  (Docket #23 at 1-2; Docket #24).  Upon the filing of Santander's partial summary judgment motion, Powers "shall have 90 days to conduct discovery necessary to oppose Santander's motion." (Docket #23 at 2).

---

[1] Powers also asserts three individual claims.  (Docket #1-3 at 53-55).

[2] Santander refers to this fee as the Speedpay fee.  (See Docket #38 at 2).

Santander moved for partial summary judgment on March 15, 2013.   (Docket #27). Santander moved for summary judgment on the RISA section 14 claim in Count I on the grounds that Santander is not subject to the provisions of Section 14 because (a) the Speedpay fee was not a finance charge prohibited under section 14 insofar as it was a fee to make expedited payments that Powers voluntarily agreed to and (b) it is not a "retail seller" as required for section 14 to apply.   (Docket #28 at 2).   Santander moved for summary judgment on the RISA section 11 claim in Count I on the grounds that Santander never charged Powers a late fee when Power's account was less than fifteen days delinquent.   (Id.).   With respect to Count II, Santander argued that the Speedpay fee did not violate the CCCDA because the Speedpay fee is not a credit card fee.   (Id.).   As to Count III, Santander argued that none of the fees imposed on Powers violated the retail installment contract.   (Id.).   Santander moved for summary judgment on Count IV asserting that the article 9 notice requirements apply only when a secured party disposes of the car and Santander never sold Power's car.   (Id.).   Finally, Santander argued that Powers' 93A claim fails on the grounds that none of Santander's conduct was unfair or deceptive to Powers. (Id.).

On March 20, 2013, Powers served interrogatories and requests for production that Santander responded to on April 22, 2013.  (Docket #35 at 2; Docket #38 at 3).  Powers deposed Santander's Senior Vice President of Servicing Operations, Wayne Nightengale, pursuant to Federal Rule of Civil Procedure 30(b)(6) on May 29, 2013.  (Docket #35-1).  On June 14, 2013, Powers filed the present motion.  (Docket #34).  Pursuant to the Scheduling Order, the discovery period closed on June 15, 2013.  (Docket #24).

On July 2, 2013, a stipulated protective order was entered, which limited the disclosure of any discovery material deemed confidential.  (Docket #43).

II.     STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense – including the existence, description, nature,
> custody, condition, and location of any documents or other tangible things and the
> identity and location of persons who know of any discoverable matter.

Rule 26(b) also allows a court "[f]or good cause," to "order discovery of any matter relevant to

the subject matter involved in the action." "Relevant information need not be admissible at the

trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence." Id. "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly

and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

Where discovery is limited by a court order, the order controls the permissible scope of

discovery. Fed. R. Civ. P. 16(b)(3)(B)(ii); Fed. R. Civ. P. 26(b); Bell Atl. Corp. v. Twombly,

550 U.S. 544, 595 n.13 (2007).

III.    ANALYSIS

A.      Online Payment Fines

Powers moves to compel Santander to produce its written policies regarding the

imposition of the online payment fees in response to document requests numbers 20 and 21.[3]

---

[3] Powers initially sought a much greater breadth of documents, but limited her requests following the parties'
discussions. (Docket #34 at 3-4). Santander's response to the Motion to Compel does not appear to recognize
Powers' subsequent limitation of her requests. (See Docket #38 at 5). The initial requests were as follows:

> **REQUEST NO. 20**.   Produce all internal communications, including but not limited to
> instructions, policies, manuals, memoranda, emails and instant/text messaging, regarding WebPay
> – Pinless Debit, Western Union Speedpay, ACH, telephone payments, or other forms of payment
> available to auto loan borrowers in Massachusetts during the Class Period.

> **REQUESTION NO. 21**.  Produce all documents that explain the basis for [Santander] charging a
> borrower a fee to make a payment in any form that requires an additional fee during the Class
> Period.

(Docket #35 at 3).

(Docket #35 at 4).   Powers asserts that she needs this information to oppose two arguments raised by Santander in the partial summary judgment motion.

First, in its partial summary judgment motion, Santander asserts that it is entitled to charge borrowers a fee of $10.95 to make a payment online because such fees are voluntarily agreed to by the customer.  (Docket #28 at 2).  In support of this assertion, Santander cites to the affidavit of Nightengale.   (Docket #28 at 14; Docket #29 at ¶¶ 18-20).   In his affidavit, Nightengale does not refer to any documents (see Docket #29 at ¶¶ 18-20); however, at his deposition, Nightengale testified that Santander has written policies and procedures that "identify how an associate will access the system and make a payment for the customer and how it assesses the $10.95 fee or how to have the fee waived by a manager."  (Docket #35-1 at 20).  He further testified that he had not reviewed the written policies or procedures in preparation for the deposition and did not remember exactly what the policies said.  (Id.).  Powers now seeks production of those written policies.  Santander asserts that Powers fails to articulate any reason why she needs Santander's policies to understand if she was notified of the $10.95 fee to make a payment online and made her payments voluntarily.  (Docket #38 at 5-6).  Santander states that, in any event, it has disclosed the screen shot of an online notice which makes clear that Powers voluntarily elected to make an online payment and accepted the $10.95 fee for doing so.  (Id. at 6).

According to Powers, and unrefuted by Santander, the screen shot produced by Santander was used in 2011.  (Docket #35 at 4-5).  However, Santander was also charged online payment fees in 2010.  (Id.).  It is unclear what notice Powers was given prior to making payments online in 2010.  The Court finds that Santander's written policies regarding the imposition of online

payment fees are relevant to this issue and, therefore, should be produced. See Fed. R. Civ. P. 26(b)(1).

Second, Santander argues in its partial summary judgment motion that the law prohibiting credit card charges does not apply to Powers as she made her payments via debit instead of credit card. (Docket #28 at 12-13). As evidence, Santander cites to a notation in Powers' payment history that stated her payment was made via "pinless debit."[4] (Docket #29-1 at ¶ 21). Nightengale testified that the payment system identified whether a payment was made via debit or credit card. (Docket #35-1 at 21). Nightengale stated that he could not speak as to how this methodology worked with certainty; nor could he state how the system would determine whether a bank card that has a credit function was being used as a credit or a debit card. (Id. at 23-25). Nightengale explained that there is a file that is generated when someone pays with debit or credit card and you can see from that file how it is determined what type of transaction occurred. (Id. at 25).

Powers denies using a debit card for each of the online payments, stating that she made the payments using a bank card that could be used as either a debit or credit card. (Docket #52 at ¶¶ 21, 55; Docket #54 at ¶ 6). Santander sidesteps this argument by stating that Powers' payments were processed as a debit card and, if the transaction had been processed as a credit card, it would have shown up on Santander's records as a credit payment. (Docket #58 at 17). Santander fails to address the ultimate question of whether the payment was accurately reflected as a debit card payment. The Court finds that Santander's written policies regarding the

---

[4] Santander attaches as Exhibit C to Nightengale's affidavit a copy of Powers' payment history. (Docket #29-1 at 13-14). However, the payment history is illegible. It appears that this same document is available in legible form as an exhibit to the Notice of Removal. (See Docket #1-3 at 62-63).

imposition of online payment fees are relevant to this issue and, therefore, should be produced. See Fed. R. Civ. P. 26(b)(1).

Accordingly, the Motion to Compel is ALLOWED with respect to document requests numbers 20 and 21 to the extent that Santander must produce its written policies regarding the imposition of online payment fees for the years 2010 and 2011.

B.      Late Fees

In its motion for partial summary judgment, Santander asserts it did not charge Powers any improper late fees because it never charged Powers a late fee when her account was less than fifteen days late.[5]   (Docket #28 at 6).   Powers now moves to compel Santander to produce its written late fee policies in response to documents requests numbers 2, 3, and 6, which, Powers argues, represent the best source for information regarding how late fees were applied, assessed, and collected from her.[6]   (Docket #35 at 10).

Santander has voluntarily agreed to provide Powers with a schedule itemizing the application of her payments and the effect of each payment on the status of the account.  (Docket #38 at 9).  Santander also states that it has provided Powers with copies of her payment history

---

[5] Pursuant to section 11 of RISA, "[t]he holder of a retail installment contract may, if the contract so provides, collect a delinquency and collection charge on each installment in default for a period of not less than fifteen days[.]"  Mass. Gen. Laws ch. 255B, § 11.

[6] Powers' initial document requests went well beyond this information.  In document request number 2, Powers requests that Santander "[p]roduce all training or user manuals and/or other documents concerning any loan servicing software used by [Santander] to service Massachusetts auto loans during the Class Period."  (Docket #35 at 8).  The "Class Period" being the time period from August 31, 2006 to August 31, 2012.  (Docket #1-3 at 12-13). In document request number 3, Powers requests that Santander "[p]roduce all documents concerning how [Santander's] loan servicing software has been updated and/or otherwise modified or designed to comply with Massachusetts law during the Class Period."   (Docket #35 at 8).  Santander did not produce any documents responsive to document requests numbers 2 and 3 on the grounds, among others, that the requested documents were not relevant to Santander's partial summary judgment motion.  (Docket #38 at 6).  In document request number 6, Powers requests that Santander "[p]roduce all documents that support or refer to any fee assessment on [Powers'] account, including invoices, vouchers, bills or other documents."  (Docket #35 at 8).  In response to this request, Santander produced all invoices provided to Powers, a copy of Powers' payment history, a log of all communications with Powers regarding her account, and all other communications provided to Powers.  (Docket #38 at 6).

(which identifies the date each late fee was assessed), all invoices submitted to Powers (which identify the date each late fee was assessed), activity notes which identify all communication with Powers, and the testimony of Nightengale, a Rule 30(b)(6) deponent, who testified concerning the dates late fees were assessed and collected and the amounts of the late fees.  (Id.). Thus, Santander argues, Powers knows when the late fees were assessed on her account.  (Id.).

At his deposition, Nightengale testified that Santander maintained written policies and procedures during the time period of Powers' retail installment contract that addressed when and under what circumstances a late fee was assessed.  (Docket #35-1 at 17).  Nightengale testified that Santander had written policies and procedures that addressed applications and processing of payments during this same time period.  (Id. at 17-18).  Nightengale stated that he had not reviewed either of these documents prior to his deposition.   (Docket #35-1 at 17-18). Nightengale testified that, on the face of Powers' payment history, one could not determine what particular payment was applied to what month.  (Id. at 15).  When questioned as to the mapping of late fees, Nightengale stated that, in at least one case, he could not determine whether an entry titled "Late charge assessment" reflected a late charge or did not reflect a late charge.  (Id. at 6). The Court has experienced similar confusion in examining the briefs and exhibits provided by the parties.  The Court finds that Santander's written late fee policies are relevant to Count I of Powers' complaint and, therefore, should be produced.  See Fed. R. Civ. P. 26(b)(1).

Accordingly, the Motion to Compel is ALLOWED with respect to document requests numbers 2, 3, and 6 to the extent that Santander must produce its written late fee policies for the period from 2009 through August 31, 2012.

IV.    CONCLUSION

For the foregoing reasons, the Motion to Compel (Docket #34) is ALLOWED to the extent outlined in this Order.    Santander must produce its written policies regarding the imposition of online payment fees during the years 2010 and 2011 and it shall produce its written late fee policies for the period from 2009 through August 31, 2012.[7]  Santander shall produce this material within ten business days of this Order.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[7] Powers asserts that Santander acquired Powers' loan in 2009.  (Docket #1-3 at 5).